UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.: 1:04-CR-36-SPM

GEORGE B BETHEA,

    Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE UNDER 18 U.S.C. § 3582

This cause comes before the Court on Defendant's Motion to Reduce Sentence (doc. 51) pursuant to the retroactive crack cocaine amendment (Amendments 706 and 711) and 18 U.S.C. § 3582(c).  Additionally, Defendant has filed a motion requesting the appointment of counsel.

If Defendant's sentence had been guided by the Sentencing Guidelines, his base offense level would have been 32 .  With the Career Offender enhancement, pursuant to section 4B1.1(A) of the sentencing Guidelines Manual, Defendant's offense level would have been 37.  Defendant was eligible for a offense level adjustment for acceptance of responsibility, therefore making his offense level 34.  Because he had a criminal history of Category VI, Defendant's applicable sentencing range would have been 262 - 327 months.

After sentencing, Defendant received a Rule 35 sentence reduction, which lowered his sentence to 147 months.  That is Defendant's current sentence.  Contrary to

Defendant's claim, his original sentence was not determined by the sentencing table of section 2D1.1.  His sentence was set pursuant to section 5G1.1, prohibiting this court from sentencing Defendant to any sentence lower than the statutorily required minimum sentence, which was life imprisonment.  Therefore, Defendant was not sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission.

An application of the amendment results in no change to Defendant's guideline range because of the career offender enhancement, which sets Defendant's offense level at 37.  Even after application of the crack cocaine amendments, Defendant's guideline range and mandatory minimum sentence remains life imprisonment as originally calculated.  Defendant's initial imprisonment was guided by his Career Offender status and the statutory mandatory minimum, as opposed to the Sentencing Guidelines.  As a result, Defendant's sentence is not affected by the crack cocaine amendment.

Accordingly, it is ORDERED AND ADJUDGED that the Motion to Reduce Sentence (doc. 51) is *denied*.  Similarly, Defendant's motion for appointment of counsel (doc. 52)  is also *denied*.

DONE AND ORDERED this <u>fifth</u> day of December, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge